Goldsmid *v.* Lewis County Bank.

---

SAME TERM.   *Before the same Justices.*

### GOLDSMID, President of the Bank of Watertown, *vs.* THE LEWIS COUNTY BANK.

The plaintiff, on the 20th of August, 1845, received from the defendant $10,000 on account, but gave the defendant no credit for $1500, parcel of that sum, although the plaintiff made use of the $1500 soon after it was received.   In an action by the plaintiff to recover the balance of an account claimed to be due from the defendant; *Held* that the *onus* of accounting for the $1500, and explaining how it was applied, lay upon the plaintiff; notwithstanding an account current of the dealings between the parties, produced by the plaintiff on the trial, which was silent as to the $1500, was received in evidence by consent of the defendant's counsel, "subject however to explanation by witnesses on either side;" and it was agreed that said paper was "to be evidence on all points where it

was not contradicted by other testimony, and was not itself to be evidence wherein contradicted."

*Held also,* that under the agreement made upon the trial, the account current was only to be regarded as *prima facie* evidence as to all matters of account stated in it; that is, that the entries of advances and receipts of moneys stated therein were correctly charged; not that such account was to be deemed perfect, and as containing all the credits that should be allowed to the defendant.

MOTION to set aside report of referees. The facts are stated in the opinion of the court.

*H. A. Foster,* for the plaintiff.

*S. Beardsley,* for the defendants.

*By the Court,* GRIDLEY, J.   This is a motion to set aside the report of three intelligent referees, who have found the sum of $1872,72 due to the plaintiff from the defendants. We are all of the opinion that there should be a new trial. It is apparent that the merits of the cause have not yet been tried. That fact alone, however, furnishes no reason for a new trial, provided the fault rests with the defendants. But we think that the referees erred in the conclusion to which they came upon the facts proved. Their error probably consisted in holding that the *onus* lay upon the defendants to explain how the $1500 (parcel of $10,000 received by the plaintiff for the defendants) was applied.

The plaintiff proved an account against the defendants, amounting to $51,341,09, and by the same balance sheet showed an account of the defendants, to offset, amounting to $49,760,73. The great question in the case arose upon the omission of the Bank of Watertown to credit the defendants with $1500, parcel of a sum of $10,000 received from the latter on the 19th or 20th of August, 1845. This sum ($1500) was nowhere credited on the account current presented by Mr. Angell, the plaintiff's witness; nor was it allowed by the referees. If it had been allowed, there would have been a small balance in favor of the defendants. The question now is whether it should not have been allowed upon the facts of the case as they stood proved on the trial. The following facts may be assumed as true from the

evidence contained in the report: 1. That if the defendants were entitled to be allowed the $1500, the indebtedness would have been against the plaintiff. 2. That the Bank of Watertown received of the Lewis County Bank, on or about the 20th of August, $10,000 in bills of the last named bank. 3. That the Bank of Watertown have given no credit to the Lewis Co. Bank for $1500 parcel of this sum. 4. That Mr. Angell, the financial officer of the Bank of Watertown, made use of the $1500 on the same or the next day after it was received.

This $1500, as well as the rest of the $10,000, was received by the Watertown Bank, and not by Mr. Angell in his individual capacity. That fact is sworn to by Mr. Angell in folio six of the report. This throws on the Bank of Watertown the burden of accounting for that sum. This has not been done, except in the following manner. The plaintiff's witness, Mr. Angell, produced a paper which is appended to the report and which purports to be an account current of the dealings of the parties, from a day prior to the receipt of the $10,000, down to a period when their dealings closed. This paper was received in evidence by consent of the defendants' counsel, " subject however to explanation by witnesses on either side, and it was agreed by the respective counsel that the said paper is to be evidence on all points where it was not contradicted by other testimony, and was not itself to be evidence whenever contradicted." Now the paper containing the said account is silent as to this controverted sum of $1500. And certainly it can not be the meaning of the indiscreet agreement which we have recited, that this paper was to be deemed *perfect,* and that it contained all the credits that should be allowed to the defendants. It is going far enough to regard it prima facie evidence as to all matters of account stated in it; that is, that the entries of advances and receipts of moneys stated in the paper were correctly charged. But in any point of view, the account is falsified—for we have seen that by the evidence of Mr. Angell himself, $10,000 of the money of the defendants was received by the plaintiff on the 19th or 20th of August. It is no sufficient answer that Mr. Angell swears that the paper contains an account of all the trans-

Goldsmid *v.* Lewis County Bank.

actions between the banks that *he knows of.* It doubtless contained all that in his judgment ought to make part of the account. But he had just admitted the receipt of the $1500, parcel of the $10,000. Is it meant that the receipt of the $1500 is not a transaction between the banks? If not between the banks, then there is no evidence that it was a transaction authorized by law. The Bank of Watertown received $10,000 of the Bank of Lewis County, and had no right to appropriate $1500 of it in an individual transaction, without the consent of those who owned the money. Any such use of the funds of the defendants would not relieve the Bank of Watertown from the liability of accounting for every dollar of the money. If, however, there was any such consent on the part of the Lewis County Bank, that fact should have been proved. And the burden lay on the plaintiff, who had received the money, and who was prima facie liable to account for it, to prove such consent.

It was upon this point that I think the error of the referees was committed. Evidence was given of an arrangement made a day or two before the receipt of the $10,000 between the agents of the Lewis County Bank and the cashier of the Bank of Watertown, by which the Lewis County Bank was to advance $10,000 of their bills to the Bank of Watertown, for the purpose of raising specie to meet a run upon the bank. Probably, to connect the actual receipt of the money with this arrangement, the defendants' counsel inquired of the witness " whether he received the $10,000 under an understanding concluded at Martinsburgh at the time he went there with Bennett, and had the interview with Martin?" The witness did not answer the question put to him, but he replied in these words: " *I received instructions with the money.*" The plaintiff's counsel then asked the witness if such instructions were *written ;* and *he said they were.*

Now, we think, if the Bank of Watertown relied on a consent or direction contained in written instructions from the Lewis County Bank, to dispose of the money sent in any other manner than in pursuance of the agreement to receive it to procure an advance of specie, it was for the plaintiff to show the instructions,

and to prove that the money was applied in accordance with them. The great fact of having received the defendant's money without accounting for it, remained unexplained; and until explained, the plaintiff was liable to account for it. There is no evidence to show from whom the instructions emanated, nor what they were, nor that the money was disposed of in pursuance of them. Mr. Angell gives us no light on either of these points. And why this evidence was not given we can not tell. It is enough, however, that it *should* have been. We think, until this was done, the plaintiff was liable to account for the defendants' money, which was received on the 20th of August, 1845.

A new trial is granted; costs to abide the event,

