MARINE TRANSIT CORPORATION, Appellant, *v.* SWITZER-
LAND GENERAL INSURANCE COMPANY OF ZURICH,
Respondent.

(Argued October 6, 1933; decided December 5, 1933.)

*Courtland Palmer* for appellant. The courts below erred in holding that the issue under the policy of insurance involved in this action was finally determined adversely to appellant by a court of competent jurisdiction in the decree of the United States District Court, and is, therefore, *res judicata.* (*Reynolds* v. *Ætna Life Ins. Co.,* 160 N. Y. 635; *Donahue* v. *New York Life Ins. Co.,* 259 N. Y. 98; *General Investment Co.* v. *N. Y. C. R. R. Co.,* 271 U. S. 228; *Elgin Nat. Watch Co.* v. *Illinois Watch Co.,* 179 U. S. 665; *Schuykill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Embury* v. *Conner,* 3 N. Y. 511; *Pray* v. *Hageman,* 98 N. Y. 351; *Hollenbeck* v. *Ætna Life Ins. Co.,* 215 App. Div. 609; *Mehlhop* v, *Central Union Trust Co.,* 235 N. Y. 102; *Becherer* v. *Keefe,* 259 N. Y. 301; *Steinbach* v. *Relief Fire Ins. Co.,* 77 N. Y. 498; *Cromwell* v. *County of Sac,* 94 U. S. 351; *West* v. *Imbrie,* 216 N. Y. Supp. 337.)

*Loring R. Lecraw* and *Forrest E. Single* for respondent. The courts below did not err in holding that the question of the right of appellant to recover upon the policy and certificate of insurance was determined adversely by the decree of the United States District Court, since the issue in this action was necessarily determined in the suit in the Federal court and, therefore, was *res adjudicata.* (*Schuykill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Blair* v. *Bartlett,* 75 N. Y. 150.)

KELLOGG, J. The plaintiff undertook to carry a cargo of pig lead from Newark, N. J., to the American Metal Company at Bridgeport, Conn. It agreed with the consignee to procure insurance on the cargo against loss or damage through the perils of the sea. It obtained a

policy from the Switzerland General Insurance Company, the defendant, insuring the cargo in the value of $53,500 on board the barge *New Haven* at and from Newark, N. J., to Bridgeport, Conn., the loss, if any, payable to the American Metal Company. The policy likewise insured the plaintiff against all risks of loss or damage, and for the cargo's proportion of any general average contribution. It contained provisions to the effect that in case of loss or misfortune it would be lawful for the assured to labor in and about the safeguarding and recovery of the cargo; that no act of the assured or of the insurer in recovering, salvaging and preserving the cargo should constitute a waiver on the part of either; that any such act should be regarded as done in the interests of all concerned without prejudice to any; that " to the charges whereof the said company will contribute in such proportion as the sum herein insured bears to the whole value of the property." The cargo of lead, loaded upon the barge *New Haven*, arrived at Bridgeport, Conn. There, while alongside the docks, the barge sprang a leak and sank. Thereupon the plaintiff, acting pursuant to the provisions of the policy, employed the Merritt-Chapman and Scott Corporation to raise the barge and salvage the cargo. That company performed the necessary services; the barge was raised and the cargo, in its entirety, was recovered. For the services rendered, the Merritt-Chapman company, in libel proceedings in the Federal court, recovered a judgment against this plaintiff for the sum of $2,308.18. The plaintiff, having paid the judgment, brought this suit to recover from the defendant its proportionate share of the amount adjudged due.

The foregoing facts were set forth in the plaintiff's complaint, and, while many of them met with a formal denial in the defendant's answer, none of them were disputed by its proof upon the trial. The defendant relied entirely upon two affirmative defenses. The first defense was that the claim in suit was released by a written document

executed by the parties, constituting a general release of all claims which each held against the other. The second defense alleged was that of *res adjudicata* in that the defendant was a party to the libel proceedings brought by the Merritt-Chapman company against the plaintiff, having become such through the service by the plaintiff of a petition to interplead it, and that in such proceedings it was adjudged that the plaintiff's claim against the defendant should be dismissed. As to the first defense, the question whether or not the general release comprehended the claim now in suit, through contradictory proof, consisting of documents and testimony received in evidence, became a sharply contested question of fact. The trial court, acting by stipulation as the trier of both fact and law, did not determine the question. However, the defense of *res adjudicata* was upheld by the court which directed a verdict for the defendant, stating in its opinion: " In view of the fact that the plea of *res adjudicata* raised by the defendant has been sustained, it is unnecessary to consider the defense of release of the claim." The Appellate Division affirmed, two of the justices dissenting, and the case comes here for our decision. The sole question presented is whether or not the judgment in the libel proceedings estops the plaintiff and bars a recovery in this action.

The libel in the Federal court proceedings against this plaintiff asserted the performance of work by the libelant Merritt-Chapman and Scott Corporation, at the request of the respondent therein, the present plaintiff, in pumping out and raising the barge *New Haven* when sunk in the harbor at Bridgeport, Conn., and salvaging the cargo, all of which was of the reasonable value of $2,308.18. The respondent, in its answer, admitted the performance of the services and the value thereof, as alleged in the libel. Further, it alleged that in directing the services to be performed it was acting not for itself but as the agent of the Switzerland General Insurance Company,

the present defendant; that such company was the insurer of the cargo; that it had directed the respondent to procure the services to be performed; that the respondent had advised the libelant of these facts and disclosed, in giving its orders to the libelant, that its principal, the Switzerland General Insurance Company, was responsible therefor. The answer also advised the libelant that the respondent was then filing a petition under the 56th Rule in Admiralty interpleading the Switzerland General Insurance Company as defendant. In its petition to interplead, served upon the Switzerland General, the respondent asserted that the Switzerland General had insured the cargo of the barge *New Haven;* that such barge sprang a leak and sank at the Bridgeport docks; that the Switzerland General had instructed the respondent to engage the services of the Merritt-Chapman company to raise the barge and salvage the cargo; that these services had been performed by the Merritt-Chapman company; that the Switzerland General was primarily liable to pay the charges therefor. The Switzerland General, thus interpleaded, filed an answer to the libel in which it denied information and belief as to the sinking of the barge and the services performed in raising the same, and further denied that such company had been employed by it to perform the services. It likewise served an answer to the petition for interpleader wherein it denied any information or belief as to the services performed by the Merritt-Chapman company, and denied that such services were rendered under directions given by it. It also set up, as a general defense to any claim made by the respondent for a recovery over against it, the same general release which it has asserted in this action.

Viewing the pleadings as they stood at the opening of the trial in the libel proceedings, it is apparent that after formal proof had been given establishing that the libelant, Merrit-Chapman company, at the request of the respondent, Marine Transit Corporation, had performed the

services alleged, and that their reasonable value was as stated, the only issue remaining would have been whether or not the respondent's request for their performance was made on its own behalf, or as agent on behalf of the impleaded respondent, Switzerland General. If the former were the case, the libelant would recover judgment against the respondent; if the latter were the case, recovery would proceed against the interpleaded respondent. Such did not continue to be the case, for the pleadings in this action, through an assertion by the defendant and an admission by the plaintiff, establish that during the course of the libel trial, the respondent amended its petition for interpleader to set up a cause of action upon the policy of insurance for a recovery over against the impleaded respondent. Moreover, on the trial of this action, counsel expressly admitted that all the issues litigated herein, including the issue whether or not the general release covered the claim now in suit, were litigated in the libel proceedings. The question remains whether the court in that proceeding determined the question of fact involved in the defense of the general release. The minutes of the proceedings so had are not in evidence here, so that our judgment must be based exclusively upon the findings made and the opinion written by the Federal judge who conducted the trial.

The findings of fact made determine that the three interested parties were duly organized as corporations; that Merritt-Chapman company, at the request of the present plaintiff, Marine Transit Corporation, performed services in raising the barge *New Haven* and salvaging its cargo; that the reasonable value of the services was $2,308.18; that in requesting the performance of the services the respondent Marine Transit Corporation acted on its own behalf and not as agent for the impleaded respondent, Switzerland General. These findings disposed of all the issues between the parties, leaving only the issue of fact involved in the defense of the general

release. It will be observed that the fact that the Switzerland was an insurer of the salvaged cargo is not stated; that the terms of the policy, upon which alone a recovery by the Marine Transit against the Switzerland General could have been based, are not set forth. Especially will it be observed that no finding of fact is made concerning the general release. Yet, assuming that the proof in the Federal court was similar to that given here, as we must in view of the stipulation that the same issues were litigated, the binding force of the release there, as here, depended upon an issue of fact. If the Federal court intended to take jurisdiction of the claim made by the now plaintiff against the now defendant upon the insurance policy, the only defense thereto, available to the interpleaded respondent, after the court's decision that the services of the libelant were recoverable, was the defense of a general release. As that defense involved a question of fact, and no finding of fact was made, the conclusion seems irresistible that the validity of the claim upon the merits was not determined. This view is strengthened by the opinion rendered in that proceeding. The opinion omits any reference to the issue, and the only issue, drawn between the insurer and the insured, on the question of liability under the policy, namely, the issue of fact concerning the general release; it merely directs that both libel and petition against the insurer be dismissed. The disputed point, and apparently the only disputed point, decided is, that " respondent acted in its own behalf and not as agent for the respondent-impleaded " when it ordered the work to be done.

The conclusions of law found by the Federal court are to the same effect. They assert that the services were performed at the request of the Marine Transit Company, acting for itself and not as agent; that the recovery of Merritt-Chapman company against that corporation and not against the Switzerland General should accordingly follow. They do, however, embody this conclusion:

" The respondent is not entitled in this cause to a decree against the respondent-impleaded, by way of remedy over, contribution or otherwise, nor should the libelant's recovery in this cause be against the respondent-impleaded, by way of remedy over, contribution or otherwise.

The 56th Rule of the Rules of Practice, promulgated by the Supreme Court to govern the practice of the Admiralty courts, provides that the respondent in any suit shall be entitled to bring in any person who may be partly or wholly liable to the libelant, or the respondent, " by way of remedy over, contribution or otherwise, growing out of the same matter." It was under the authority of this rule that the present plaintiff brought in the present defendant as a party to the libel proceedings. It may well be thought that the court which presided in the libel proceedings, rightly or wrongly, deemed that the recovery sought for by the respondent, as against the impleaded respondent, so far as based upon the insurance policy, was not a recovery by way of " remedy over, contribution or otherwise " within the meaning of rule 56th. In any event, the absence of a finding of fact upon the sole issue between the parties, as to the liability of the defendant to the plaintiff on the policy, viz., the release of the claim by the plaintiff, persuades us to the belief that the trial court was disinclined, whether for lack of power or otherwise, to assume jurisdiction and determine the insurance claim, and so by its order of dismissal intended none other than a nonsuit of the claim.

This is not a case where the cause of action has such a " measure of identity " with the causes of action involved in the libel proceedings, that a different judgment here " would destroy or impair rights or interests established " by the prior judgment. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307.) The judgment previously had merely determined that the plaintiff here is indebted to the Merritt-Chapman company for services performed in an amount stated, and dismisses a claim

of this plaintiff for reimbursement or contribution at the hands of this defendant. A judgment here, entitling the plaintiff, which paid the former judgment, to obtain reimbursement from this defendant will not in the least " destroy or impair rights or interests " established by the former judgment. The case is, therefore, one where the " estoppel is limited in such circumstances to the point actually determined." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, *supra.*) It is one where " the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." (*Cromwell* v. *County of Sac*, 94 U. S. 351, 353.) " It is final only as to facts litigated and decided." (*Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635, 652.) " It is not enough that a matter was in issue, but it must clearly appear to have been adjudicated." (2 Freeman on Judgments, § 689.) The burden rested upon the defendant to establish that the precise question here raised was determined, as well as litigated, in the libel proceedings. (*Bell* v. *Merrifield*, 109 N. Y. 202.) This it has not done, for it has failed to show, and the record does not disclose, that the only issue between the parties, as to the liability of the defendant to the plaintiff under the terms of the policy, was ever determined. Clearly the provisions of section 482 of the Civil Practice Act do not apply, since we are considering not the force and effect of a judgment rendered by a State court, but the nature of a judgment rendered in libel proceedings by a Federal court. We think the defense of *res adjudicata* was not made out.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs in all courts to the appellant to abide the event.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.