**SCHWARTZ v. LEVINE & MALIN, Inc.**

**In re KELNER et al.**

**No. 286.**

Circuit Court of Appeals, Second Circuit.

April 15, 1940.

82

Michael I. Winter, of New York City, for appellant.

Duberstein & Schwartz and Max Schwartz, all of Brooklyn, N. Y., for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

This action is to recover a preferential payment received by the defendant from the bankrupts in part payment of a debt. The answer alleged that the money had not been received in payment of a debt, but for goods which had been delivered to the bankrupts on consignment. The trustee then moved under Rule 56, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, for summary judgment, which the judge granted upon the following showing. The defendant had filed with the trustee certain proofs of claim—whose nature does not definitely appear—which the trustee moved to expunge unless the creditor should repay certain sums which he asserted were preferences within § 60, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. b. The referee entered an order declaring that the sums here in suit had been preferential payments, and that no dividend should be paid upon the claims challenged until the defendant had repaid them. Upon the motion for summary judgment the judge held that the findings so made in the bankruptcy proceeding were res judicata, and entered judgment for the trustee. The defendant appealed.

When the trustee moved to expunge the proof of claim, it became necessary for the referee to decide whether the defendant had received any preference, and, if so, how much; otherwise he could not have disposed of the motion. A creditor who has received a preference does not lose his right to file absolutely, but only contingently upon failing to return the amount received. In re Fixen, 9 Cir., 102 F. 295, 50 L.R.A. 605; In re Dernburg, 2 Cir., 5 F.2d 37. Thus, the amount of the preference was as necessary to the referee's decision as the fact that there had been one. All the conditions were fulfilled which made his findings res judicata, and there was nothing left to be decided in the action at bar. Fayerweather v. Ritch, 195 U.S. 276, 25 S.Ct. 58, 49 L.Ed. 193; Marine T. Corp. v. Switzerland G. Ins. Co., 263 N.Y. 139, 188 N.E. 281.

Judgment affirmed.