In the Matter of CLEMENS WOLF, Petitioner, against CHARLES E. KRIGER et al., Constituting the Board of Assessors of the City of New York, et al., Respondents.

Determination confirmed, with $50 costs and disbursements to the respondents.

VAN VOORHIS, J. (dissenting). Petitioner has been denied all damages for change of grade by raising the street level approximately three feet in front of his house, 8717 Stillwell Place, Brooklyn, N. Y. The actual construction work was done in 1948 to conform to the grade on a map filed in 1929, before which the house was built. Damages have been disallowed upon the theory that in 1931 petitioner's predecessor in title received $3,998 in a condemnation proceeding in full payment for the value of this structure. The condemnation award was in a proceeding to acquire additional land to widen the street. As a result, the property line of the widened street cut off about five feet of the front of this house. Actually, the house was not interfered with, and petitioner has been utilizing the portion of the house extending over the property line into the street under a revocable license from the city for which he paid a nominal consideration. It is true that in the condemnation proceeding, the building expert called as a witness by the owner of this house testified that cutting five feet off from the front would destroy its entire value. On the other hand, the expert called by the city testified otherwise. He stated that the value of the improvements on the parcel of land was $4,250 before taking and that the value of the improvements remaining after taking was $2,000. The expert called by the claimants valued the building at $3,720 before taking, plus an increment which the presence of the building added to the land. The owner of the premises was allowed $3,000 in the condemnation proceeding for the taking of the improvements, viz., cutting five feet off from the front of the house and damage to the remainder. The owner has paid taxes on a building value of $2,000 in addition to the remaining land value since the condemnation award.

The record of the condemnation proceeding fails to disclose whether the court intended that the $3,000 which was paid for the improvements should cover the entire valuation of the building. No finding was made upon that subject. It would be remarkable if the court did so intend, however, in view of the circumstance that the amount awarded for improvements was less than the value of the improvements according to the testimony of the experts called both by the claimants and by the city, and the award was certainly not so interpreted by the city in continuing to assess a building value upon the property that was not taken in the condemnation proceeding.

If there be uncertainty concerning what was covered by the award, the burden is upon the respondent herein, and not upon petitioner, to establish as *res judicata* the final order in the condemnation proceeding. The burden of establishing *res judicata* is upon the party relying upon it (*Marine Tr. Corp.* v. *Switzerland Gen. Ins. Co.*, 263 N. Y. 139; *People ex rel. Vil. of Chateaugay* v. *Public Service Comm.*, 255 N. Y. 232; *Clark* v. *Scovill*, 198 N. Y. 279). Likewise, the burden rests upon a party pleading payment to prove the application of the money paid to the obligation claimed to have been discharged (*Goldsmid* v. *Lewis Co. Bank*, 7 Barb. 427; *Lewis* v. *South Shore Co-op. Assn.*, 211 App. Div. 831). If it be not possible to tell from the record in the condemnation proceeding whether or not the court found that the $3,000 awarded by reason of the improvement represented what was found to be the value of the entire building (notwithstanding that this sum was less than the value placed upon the building by each

side), the burden could not have been sustained of showing that the condemnation proceeding is a bar.

The determination under review should be reversed and the matter remitted to the board of assessors to determine the amount of damage from the change of grade sustained by that portion of the house situated upon the land owned by the petitioner. Petitioner cannot, of course, be allowed as much as he would be entitled to receive if the entire house stood upon his own property, but the fact that five feet extends into the street should not prevent his recovering a proper amount by reason of the major portion of the structure which is located upon his own property. It would be an erroneous doctrine that an owner must forego all damage from change of grade for the reason that his house encroaches to some extent upon the untraveled portion of a public street.

Peck, P. J., Cohn, Callahan and Heffernan, JJ., concur in decision; Van Voorhis, J., dissents and votes to reverse, in opinion.

Determination confirmed, with $50 costs and disbursements to the respondents. No opinion.