Ned GILL, Appellant,

v.

H. A. PHILLIPS, Trustee of Tinney Produce Company, Inc., Bankrupt, Appellee.

No. 20780.

United States Court of Appeals Fifth Circuit.

Jan. 11, 1965.

For former opinion, see 5 Cir., 337 F.2d 258.

Bennett B. Patterson, William J. Knight and Patterson, McDaniel, Moore & Browder, Houston, Tex., for appellant.

Thad Grundy and Hutcheson, Tallaferro & Hutcheson, Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and GEWIN, Circuit Judges.

PER CURIAM:

On consideration of the petition for rehearing in the instant case, we wish to clarify the statement in our opinion that preferences and fraudulent conveyances are not voidable in an arrangement proceeding. While as a practical matter the debtor in possession in the instant case would probably not have attempted to avoid the allegedly preferential payments made to its own sole shareholder, we do not intend to suggest that as a general rule such transfers may not be avoided under Chapter XI. Indeed, the rule seems well-established to the contrary. See 8 Collier, Bankruptcy ¶ 6.32 [7].

In his petition for rehearing, the trustee complains that the pleadings establish conclusively that the counterclaim arises out of the same transaction as Proof of Claim No. 48. There was no attempt made in the proceedings before the referee to establish jurisdiction on the "same transaction" theory, and we are not convinced that either the parties or the referee considered the question at all. Hence, on the remand the referee is free to allow appropriate amendments to the pleadings and conduct further proceedings on this point if it is procedurally feasible to do so. As we pointed out in our opinion, it would not necessarily be inconsistent with B. F. Avery & Sons, Inc. v. Davis, (5 Cir.1951) 192 F.2d 255 to premise summary jurisdiction on such a theory. Similarly, our comments on the failure of the referee to make a finding of fraud or manipulation should not be interpreted as a finding by this court

that there was or was not fraud. Further proceedings may also be conducted on this question and appropriate findings made if the referee deems it advisable.

Counsel for the trustee, with commendable candor, admits that the record and briefs in this case are somewhat deficient as to the issues involved. It is assumed that all issues to be considered by the referee will be more clearly presented in any further proceedings which may be held.

In considering the petition for rehearing, we have examined the brief amicus curiae as well as the briefs of both parties.

The petition for rehearing is Denied.