# KATCHEN *v.* LANDY, TRUSTEE IN BANKRUPTCY.

No. 28.   Argued November 8, 1965.—Decided January 17, 1966.

*Fred M. Winner* argued the cause for petitioner. With him on the briefs was *Warren O. Martin.*

*George Louis Creamer* argued the cause for respondent. With him on the brief was *Robert B. Rottman.*

Mr. Justice White delivered the opinion of the Court.

The disputed issue here is whether a bankruptcy court has summary jurisdiction to order the surrender of voidable preferences asserted and proved by the trustee in response to a claim filed by the creditor who received the preferences. The Court of Appeals held that the bankruptcy court had such summary jurisdiction. 336 F. 2d 535. We affirm.

The corporate bankrupt began business on April 21, 1960, and borrowed $50,000 from two local banks. Petitioner, then an officer of the company, was an accommodation maker on the two corporate notes delivered to the banks. After the corporate bankrupt in this case suffered a disastrous fire, its funds and collections were placed in a "trust account" under the sole control of petitioner. From this account petitioner made two payments on one of the company notes on which he was an accommodation maker and one payment on the other. Bankruptcy followed within four months of these payments. Petitioner filed two claims in the proceeding, one for rent due him from the bankrupt and one for a payment on one of the notes made from his personal funds. The trustee responded with a petition asserting that the payments from the trust fund to the banks were voidable preferences and demanding judgment for the amount of the preferences along with the amount of an unpaid stock subscription owed to the corporation by petitioner. Petitioner's objection to the summary jurisdiction of the referee was overruled, and judgment was rendered for the trustee on both the preferences and the stock subscription. Petitioner's claims were to be allowed only when and if the judgment was satisfied. The District Court sustained the referee. A divided Court of Appeals, sitting *en banc,* after reconsidering *Inter-State National Bank of Kansas City* v. *Luther,* 221 F. 2d

382 (C. A. 10th Cir. 1955), cert. dismissed under Rule 60, 350 U. S. 944, adhered to its pronouncements in that case, affirmed the judgment for the amount of the voidable preferences but reversed the judgment for the amount of the stock subscription. The trustee did not seek review here of the adverse decision on the stock subscription. We granted certiorari on the creditor's petition because of the diversity of views among the Courts of Appeals on the issue involved [1] and the importance of the question in the administration of the bankruptcy laws. 380 U. S. 971.

The crux of the dispute here concerns the mode of procedure for trying out the preference issue. The bank-

---

[1] *B. F. Avery & Sons Co.* v. *Davis,* 192 F. 2d 255 (C. A. 5th Cir. 1951), cert. denied, 342 U. S. 945, held the referee did not have summary jurisdiction to entertain the trustee's demand for surrender of the preference. In *Avery,* the preference arose out of a different transaction than the creditor's claim, and a subsequent decision of the Fifth Circuit notes that although that fact was not the articulated basis of the *Avery* decision, it may not preclude summary jurisdiction to order return of a preference received in the same transaction. *Gill* v. *Phillips,* 337 F. 2d 258 (1964), opinion on denial of rehearing, 340 F. 2d 318 (C. A. 5th Cir. 1965). The Fifth Circuit rule is thus uncertain, but *Avery* at least prevents summary recovery of unrelated preferences. Several Courts of Appeals have upheld the summary jurisdiction of the referee over counterclaims arising out of the same transaction as the creditor's claim but have stated that such jurisdiction does not extend to permissive counterclaims arising out of distinct transactions. See *In re Solar Mfg. Corp.,* 200 F. 2d 327 (C. A. 3d Cir. 1952), cert. denied *sub nom. Marine Midland Trust Co.* v. *McGirl,* 345 U. S. 940; *In re Majestic Radio & Television Corp.,* 227 F. 2d 152 (C. A. 7th Cir. 1955), cert. denied *sub nom. Dwyer* v. *Franklin,* 350 U. S. 995; *Peters* v. *Lines,* 275 F. 2d 919 (C. A. 9th Cir. 1960). The decision presently under review upholds summary jurisdiction to order return of a preference whether or not the preference relates to the same transaction as the claim but declines to extend such jurisdiction to unrelated counterclaims not involving a preference, set-off, voidable lien, or a fraudulent transfer. 336 F. 2d, at 537.

ruptcy courts are expressly invested by statute with original jurisdiction to conduct proceedings under the Bankruptcy Act.[2] These courts are essentially courts of equity, *Local Loan Co.* v. *Hunt,* 292 U. S. 234, 240; *Pepper* v. *Litton,* 308 U. S. 295, 304, and they characteristically proceed in summary fashion to deal with the assets of the bankrupt they are administering. The bankruptcy courts "have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession." *Thompson* v. *Magnolia Petroleum Co.,* 309 U. S. 478, 481; *Cline* v. *Kaplan,* 323 U. S. 97, 98–99; *May* v. *Henderson,* 268 U. S. 111, 115–116; *Taubel-Scott-Kitzmiller Co.* v. *Fox,* 264 U. S. 426, 432–434. They also deal in a summary way with "matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate." *Taylor* v. *Voss,* 271 U. S. 176, 181; *U. S. Fidelity Co.* v. *Bray,* 225 U. S. 205, 218. This is elementary bankruptcy law which petitioner does not dispute.

But petitioner points out that if a creditor who has received a preference does not file a claim in the bankruptcy proceeding and holds the property he received under a substantial adverse claim, so that the property may not be deemed within the actual or constructive possession of the bankruptcy court, the trustee may recover the preference only by a plenary action under § 60 of the Act, 11 U. S. C. § 96 (1964 ed.), see *Taubel-Scott-*

---

[2] Bankruptcy Act § 2a, 11 U. S. C. § 11 (a) (1964 ed.), provides:

"(a) The courts of the United States hereinbefore defined as courts of bankruptcy are created courts of bankruptcy and are invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title . . . ."

*Kitzmiller Co.* v. *Fox,* 264 U. S. 426; and in a plenary action in the federal courts the creditor could demand a jury trial, *Schoenthal* v. *Irving Trust Co.,* 287 U. S. 92, 94–95; *Adams* v. *Champion,* 294 U. S. 231, 234; compare *Buffum* v. *Peter Barceloux Co.,* 289 U. S. 227, 235–236. Petitioner contends the situation is the same when the creditor files a claim and the trustee not only objects to allowance of the claim but also demands surrender of the preference. This is so, petitioner argues, because the Bankruptcy Act does not confer summary jurisdiction on a bankruptcy court to order preferences surrendered and because, if it does, petitioner's rights under the Seventh Amendment of the Constitution are violated. We agree with neither contention.

With respect to the statutory question, it must be conceded that the Bankruptcy Act does not in express terms confer summary jurisdiction to order claimants to surrender preferences. But Congress has often left the exact scope of summary proceedings in bankruptcy undefined, and this Court has elsewhere recognized that in the absence of congressional definition this is a matter to be determined by decisions of this Court after due consideration of the structure and purpose of the Bankruptcy Act as a whole, as well as the particular provisions of the Act brought in question. *Taubel-Scott-Kitzmiller Co.* v. *Fox,* 264 U. S. 426, 431 and n. 7.

When Congress enacted general revisions of the bankruptcy laws in 1898 and 1938, it gave "special attention to the subject of making [the bankruptcy laws] inexpensive in [their] administration." H. R. Rep. No. 1228, 54th Cong., 1st Sess., p. 2; H. R. Rep. No. 1409, 75th Cong., 1st Sess., p. 2; S. Rep. No. 1916, 75th Cong., 3d Sess., p. 2. Moreover, this Court has long recognized that a chief purpose of the bankruptcy laws is "to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period," *Ex*

*parte Christy,* 3 How. 292, 312, and that provision for summary disposition, "without regard to usual modes of trial attended by some necessary delay," is one of the means chosen by Congress to effectuate that purpose, *Bailey* v. *Glover,* 21 Wall. 342, 346. See generally *Wiswall* v. *Campbell,* 93 U. S. 347, 350–351; *U. S. Fidelity Co.* v. *Bray,* 225 U. S. 205, 218.

It is equally clear that the expressly granted power to "allow," "disallow" and "reconsider" claims, Bankruptcy Act § 2a (2), 11 U. S. C. § 11 (a)(2) (1964 ed.),[3] which is of "basic importance in the administration of a bankruptcy estate," *Gardner* v. *New Jersey,* 329 U. S. 565, 573, is to be exercised in summary proceedings and not by the slower and more expensive processes of a plenary suit. *U. S. Fidelity Co.* v. *Bray,* 225 U. S. 205, 218; *Wiswall* v. *Campbell,* 93 U. S. 347, 350–351. This power to allow or to disallow claims includes "full power to inquire into the validity of any alleged debt or obligation of the bankrupt upon which a demand or a claim against the estate is based. This is essential to the performance of the duties imposed upon it." *Lesser* v. *Gray,* 236 U. S. 70, 74. The trustee is enjoined to examine all claims and to present his objections, Bankruptcy Act § 47a (8), 11 U. S. C. § 75 (a)(8) (1964 ed.),[4] and "[w]hen objections are made, [the court] is duty bound to pass on them," *Gardner* v. *New Jersey,* 329 U. S. 565, 573. "The whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a *res,*" *id.,* at 574, and thus falls within the principle quoted above that bankruptcy courts

---

[3] 11 U. S. C. § 11 (a)(2) confers power to:

"(2) Allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates."

[4] 11 U. S. C. § 75 (a)(8) provides that trustees shall:

"(8) examine all proofs of claim and object to the allowance of such claims as may be improper."

have summary jurisdiction to adjudicate controversies relating to property within their possession. Further, the Act itself directs that "[o]bjections to claims shall be heard and determined as soon as the convenience of the court and the best interests of the estates and the claimants will permit," Bankruptcy Act § 57f, 11 U. S. C. § 93 (f) (1964 ed.), and a committee report indicates that the provision means that "[o]bjections shall be heard and determined in a summary way," H. R. Rep. No. 1674, 52d Cong., 1st Sess., p. 20.

Section 57 of the Act contains another important congressional directive around which much of this case turns. Subsection g forbids the allowance of a claim when the creditor has "received or acquired preferences . . . void or voidable under this title," absent a surrender of any preference. Bankruptcy Act § 57g, 11 U. S. C. § 93 (g) (1964 ed.).[5] Unavoidably and by the very terms of the Act, when a bankruptcy trustee presents a § 57g objection to a claim, the claim can neither be allowed nor disallowed until the preference matter is adjudicated. The objection under § 57g is, like other objections, part and parcel of the allowance process and is subject to summary adjudication by a bankruptcy court. This is the plain import of § 57 and finds support in the same

---

[5] 11 U. S. C. § 93 (g) provides:

"(g) The claims of creditors who have received or acquired preferences, liens, conveyances, transfers, assignments or encumbrances, void or voidable under this title, shall not be allowed unless such creditors shall surrender such preferences, liens, conveyances, transfers, assignments, or encumbrances."

The language of this section, it will be observed, is concerned with *creditors* rather than *claims* and thus contemplates that allowance of a claim may be conditioned on surrender of preferences received with respect to transactions unrelated to the claims. The exact reach of § 57g is not entirely settled, see 3 Collier on Bankruptcy, ¶ 57.19 [3.2] (14th ed. 1964), and that question is not involved here.

policy of expedition that underlies the necessity for summary action in many other proceedings under the Act.

There is no contrary indication in any other provision of the Act. The provisions of the Acts of 1800 and 1841 which gave the creditor the right to have his claim tried by a jury were not repeated in the Acts of 1867 and 1898.[6] Section 19 of the current law, Bankruptcy Act § 19, 11 U. S. C. § 42 (1964 ed.), requires a jury in only limited situations and is not helpful to petitioner in this case. It is true that § 60, dealing with preferences and their voidability, confers concurrent jurisdiction on state courts and the federal bankruptcy courts to entertain *plenary* suits for the recovery of preferences. But by its own terms this provision applies only "where plenary proceedings are necessary" and hence itself contemplates nonplenary recovery proceedings.[7]

If anything, the other provisions of the Act support the view that § 57g objections are to be summarily determined. Section 57k provides for reconsideration of claims that have previously been allowed, and § 57l

---

[6] The history of the early jury trial provisions is traced in *In re United Button Co.*, 140 F. 495 (D. C. D. Del.), aff'd *sub nom. Brown & Adams* v. *United Button Co.*, 149 F. 48 (C. A. 3d Cir. 1906).

[7] Bankruptcy Act § 60b, 11 U. S. C. § 96 (b) (1964 ed.), provides:

"(b) Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. Where the preference is voidable, the trustee may recover the property or, if it has been converted, its value from any person who has received or converted such property, except a bona-fide purchaser from or lienor of the debtor's transferee for a present fair equivalent value . . . . For the purpose of any recovery or avoidance under this section, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

provides that when a claim has been reconsidered and rejected the trustee may recover any dividend previously paid on it, proceedings for such recovery to be within the summary jurisdiction of a bankruptcy court.[8] Even under the predecessor to the present section, which did not expressly provide that the dividend could be summarily recovered, Bankruptcy Act of 1898, § 57l, 30 Stat. 561, this Court held that the referee had jurisdiction to determine whether a preference has been received and to order return of the dividend. *Pirie* v. *Chicago Title & Trust Co.,* 182 U. S. 438, 455–456.[9] So

[8] Bankruptcy Act §§ 57k and 57l, 11 U. S. C. §§ 93 (k) and (*l*) (1964 ed.), provide:

"(k) Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part according to the equities of the case, before but not after the estate has been closed.

"(*l*) Whenever a claim shall have been reconsidered and rejected, in whole or in part, upon which a dividend has been paid, the trustee may recover from the creditor the amount of the dividend received upon the claim if rejected in whole, or the proportional part thereof if rejected only in part, and the trustee may also recover any excess dividend paid to any creditor. The court shall have summary jurisdiction of a proceeding by the trustee to recover any such dividends."

[9] Under the Act as it then stood, the preference involved in *Pirie* was not voidable or recoverable but nevertheless was ample ground for disallowance of the claim. But the creditor argued that compelling repayment of the dividend would constitute determination of a "suit by the trustee" without the consent of the defendant contrary to the provisions of then § 23b (presently codified, without alterations material to the present discussion, in 11 U. S. C. § 46 (b) (1964 ed.)) that:

"b Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant." 30 Stat. 552.

That argument was rejected by the Court on the ground the proceedings under review were not a "suit" within the meaning of the

too, proceedings under § 60d, 11 U. S. C. § 96 (d) (1964 ed.),[10] for examination of the reasonableness of amounts paid in contemplation of bankruptcy to an attorney for services to be rendered for the bankrupt are within the summary jurisdiction of the referee although the Act does not expressly so provide. *In re Wood and Henderson,* 210 U. S. 246; *Conrad, Rubin & Lesser* v. *Pender,* 289 U. S. 472.

So far we have been discussing principles applicable to a case where the trustee presents a § 57g objection to a claim but does not seek the affirmative relief of surrender of the preference. But once it is established that the issue of preference may be summarily adjudicated absent an affirmative demand for surrender of the pref-

---

quoted provision. 182 U. S., at 455–456. We apply that reasoning in our opinion today and hold that determination of objections to claims, whether or not affirmative relief is decreed, does not constitute adjudication of a suit by the trustee, and thus it is not necessary to ascertain whether the creditor has "consented" to such determination within the meaning of § 23b. Rather, our decision is governed by the "traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure. *Wiswall* v. *Campbell,* 93 .U. S. 347, 351." *Gardner* v. *New Jersey,* 329 U. S. 565, 573. As this is the basis of our decision, we obviously intimate no opinion concerning whether the referee has summary jurisdiction to adjudicate a demand by the trustee for affirmative relief, all of the substantial factual and legal bases for which have not been disposed of in passing on objections to the claim.

[10] 11 U. S. C. § 96 (d) provides:

"(d) If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney at law, for services rendered or to be rendered, the transaction may be examined by the court on its own motion or shall be examined by the court on petition of the trustee or any creditor and shall be held valid only to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate. . . ."

erence, it can hardly be doubted that there is also summary jurisdiction to order the return of the preference, This is so because in passing on a § 57g objection a bankruptcy court must necessarily determine the amount of preference, if any, so as to ascertain whether the claimant, should he return the preference, has satisfied the condition imposed by § 57g on allowance of the claim. *Schwartz* v. *Levine & Malin, Inc.,* 111 F. 2d 81 (C. A. 2d Cir. 1940). Thus, once a bankruptcy court has dealt with the preference issue nothing remains for adjudication in a plenary suit. The normal rules of *res judicata* and collateral estoppel apply to the decisions of bankruptcy courts. *Chicot County Drainage District* v. *Baxter State Bank,* 308 U. S. 371, 376–377; *Stoll* v. *Gottlieb,* 305 U. S. 165. More specifically, a creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined, *Wiswall* v. *Campbell,* 93 U. S. 347, 351; and if his claim is rejected, its validity may not be relitigated in another proceeding on the claim. *Sampsell* v. *Imperial Paper Corp.,* 313 U. S. 215, 218–219; *Lesser* v. *Gray,* 236 U. S. 70, 75. The Courts of Appeals have uniformly applied these principles to hold that a bankruptcy court's resolution of the § 57g objection is *res judicata* in a subsequent action by the trustee under § 60 to recover the preference. *Schwartz* v. *Levine & Malin, Inc.,* 111 F. 2d 81 (C. A. 2d Cir. 1940); *Giffin* v. *Vought,* 175 F. 2d 186 (C. A. 2d Cir. 1949); *Ullman, Stern & Krausse* v. *Coppard,* 246 F. 124 (C. A. 5th Cir. 1917); *Breit* v. *Moore,* 220 F. 97 (C. A. 9th Cir. 1915); *Johnson* v. *Wilson,* 118 F. 2d 557 (C. A. 9th Cir. 1941); see *In re J. R. Palmenberg Sons,* 76 F. 2d 935 (C. A. 2d Cir. 1935), aff'd *sub nom. Bronx Brass Foundry, Inc.* v. *Irving Trust Co.,* 297 U. S. 230. To require the trustee to commence a plenary action in such circumstances would be a meaningless gesture, and it is well within the equitable powers of the bankruptcy

court to order return of the preference during the summary proceedings on allowance and disallowance of claims. Compare *In re Wood and Henderson,* 210 U. S. 246, 256 (determination of reasonableness of attorney's fee would be *res judicata* in suit to recover the excess), with *Conrad, Rubin & Lesser* v. *Pender,* 289 U. S. 472 (upholding turnover order). What we said in *Alexander* v. *Hillman,* 296 U. S. 222, in connection with the jurisdiction of a receivership court to entertain a counterclaim against a claimant in the receivership proceeding, is equally applicable here:

> "By presenting their claims respondents subjected themselves to all the consequences that attach to an appearance . . . .
>
> .        .        .        .        .
>
> "Respondents' contention means that, while invoking the court's jurisdiction to establish their right to participate in the distribution, they may deny its power to require them to account for what they misappropriated. In behalf of creditors and stockholders, the receivers reasonably may insist that, before taking aught, respondents may by the receivership court be required to make restitution. That requirement is in harmony with the rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief." 296 U. S., at 241–242.

Our examination of the structure and purpose of the Bankruptcy Act and the provisions dealing with allowance of claims therefore leads us to conclude, and we so hold, that the Act does confer summary jurisdiction to compel a claimant to surrender preferences that under § 57g would require disallowance of the claim.[11] A num-

---

[11] See note 5, *supra.*

ber of Courts of Appeals, including the court below, have reached similar results.[12]

Petitioner contends, however, that this reading of the statute violates his Seventh Amendment right to a jury trial. But although petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, *Schoenthal* v. *Irving Trust Co.,* 287 U. S. 92, when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity. The Bankruptcy Act, passed pursuant to the power given to Congress by Art. I, § 8, of the Constitution to establish uniform laws on the subject of bankruptcy, converts the creditor's legal claim into an equitable claim to a pro rata share of the *res, Gardner* v. *New Jersey,* 329 U. S. 565, 573–574, a share which can neither be determined nor allowed until the creditor disgorges the alleged voidable preference he has already received. See *Alexander* v. *Hillman,* 296 U. S. 222, 242. As bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession, *Thompson* v. *Magnolia Petroleum Co.,* 309 U. S. 478, 481; *Cline* v. *Kaplan,* 323 U. S. 97, 98–99; *May* v. *Henderson,* 268 U. S. 111, 115–116, and as the proceedings of bankruptcy courts are inherently proceedings in equity, *Local Loan Co.* v. *Hunt,* 292 U. S. 234, 240; *Pepper* v. *Litton,* 308 U. S. 295, 304,

---

[12] See the decisions cited in note 1, *supra,* upholding summary jurisdiction to grant affirmative relief on related counterclaims that would also be defenses to the claim, particularly *In re Solar Mfg. Corp.,* 200 F. 2d 327, 331 (C. A. 3d Cir. 1952), cert. denied *sub nom. Marine Midland Trust Co.* v. *McGirl,* 345 U. S. 940; *In re Majestic Radio & Television Corp.,* 227 F. 2d 152, 156 (C. A. 7th Cir. 1955), cert. denied *sub nom. Dwyer* v. *Franklin,* 350 U. S. 995. See also *Florance* v. *Kresge,* 93 F. 2d 784 (C. A. 4th Cir. 1938); *Floro Realty & Inv. Co.* v. *Steem Electric Corp.,* 128 F. 2d 338 (C. A. 8th Cir. 1942).

there is no Seventh Amendment right to a jury trial for determination of objections to claims, including § 57g objections. As this Court has previously said in answering the argument that disputed claims must be tried before a jury:

"But those who use this argument lose sight of the fundamental principle that the right of trial by jury, considered as an absolute right, does not extend to cases of equity jurisdiction. If it be conceded or clearly shown that a case belongs to this class, the trial of questions involved in it belongs to the court itself, no matter what may be its importance or complexity.

.        .        .        .        .

"So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. Thus a claim of debt or damages against the bankrupt is investigated by chancery methods."

*Barton* v. *Barbour,* 104 U. S. 126, 133–134. This has been the characteristic view of the courts. *Carter* v. *Lechty,* 72 F. 2d 320 (C. A. 8th Cir. 1934); *In re Michigan Brewing Co.,* 24 F. Supp. 430 (W. D. Mich. 1938), aff'd, 101 F. 2d 1007 (C. A. 6th Cir. 1939); *In re Rude,* 101 F. 805 (D. C. D. Ky. 1900); *In re Christensen,* 101 F. 243 (D. C. N. D. Iowa 1900). See also *In re Wood and Henderson,* 210 U. S. 246, 258; *Pirie* v. *Chicago Title & Trust Co.,* 182 U. S. 438, 455–456.

And of course it makes no difference, so far as petitioner's Seventh Amendment claim is concerned, whether the bankruptcy trustee urges only a § 57g objection

or also seeks affirmative relief. In practical effect, the denial of a jury trial would be no less were the bankruptcy court merely to determine the existence and amount of the preference, since that determination would be entitled to *res judicata* effect in any subsequent plenary action. And we have held that equity courts have power to decree complete relief and for that purpose may accord what would otherwise be legal remedies. See *Mitchell* v. *Robert DeMario Jewelry, Inc.,* 361 U. S. 288, 291–292; *Porter* v. *Warner Co.,* 328 U. S. 395, 398–399; *Alexander* v. *Hillman,* 296 U. S. 222; *McGowan* v. *Parish,* 237 U. S. 285, 296.

Petitioner's final reliance is on the doctrine of *Beacon Theatres* v. *Westover,* 359 U. S. 500, and *Dairy Queen* v. *Wood,* 369 U. S. 469, that "where both legal and equitable issues are presented in a single case, 'only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims.'" 369 U. S., at 472–473.

The argument here is that the same issues—whether the creditor has received a preference and, if so, its amount—may be presented either as equitable issues in the bankruptcy court or as legal issues in a plenary suit and that the bankruptcy court should stay its own proceedings and direct the bankruptcy trustee to commence a plenary suit so as to preserve petitioner's right to a jury trial. Unquestionably the bankruptcy court would have power to give such an instruction to the trustee, *Thompson* v. *Magnolia Petroleum Co.,* 309 U. S. 478, 483–484; see Bankruptcy Act § 2a (7), 11 U. S. C. § 11 (a)(7) (1964 ed.), and some lower courts have required such a procedure, *B. F. Avery & Sons Co.* v. *Davis,* 192 F. 2d 255 (C. A. 5th Cir. 1951), cert. denied, 342 U. S. 945;

*Triangle Electric Co.* v. *Foutch,* 40 F. 2d 353 (C. A. 8th Cir. 1930); see *Katchen* v. *Landy,* 336 F. 2d 535, 543 (C. A. 10th Cir. 1964) (Phillips, J., dissenting in part). Nevertheless we think this argument must be rejected.

At the outset, we note that the *Dairy Queen* doctrine, if applicable at all, is applicable whether or not the trustee seeks affirmative relief. For, as we have said, determination of the preference issues in the equitable proceeding would in any case render unnecessary a trial in the plenary action because of the *res judicata* effect to which that determination would be entitled. Thus petitioner's argument would require that in every case where a § 57g objection is interposed and a jury trial is demanded the proceedings on allowance of claims must be suspended and a plenary suit initiated, with all the delay and expense that course would entail. Such a result is not consistent with the equitable purposes of the Bankruptcy Act nor with the rule of *Beacon Theatres* and *Dairy Queen,* which is itself an equitable doctrine, *Beacon Theatres* v. *Westover,* 359 U. S., at 509–510. In neither *Beacon Theatres* nor *Dairy Queen* was there involved a specific statutory scheme contemplating the prompt trial of a disputed claim without the intervention of a jury. We think Congress intended the trustee's § 57g objection to be summarily determined; and to say that because the trustee could bring an independent suit against the creditor to recover his voidable preference, he is not entitled to have his statutory objection to the claim tried in the bankruptcy court in the normal manner is to dismember a scheme which Congress has prescribed. See *Alexander* v. *Hillman,* 296 U. S. 222, 243. Both *Beacon Theatres* and *Dairy Queen* recognize that there might be situations in which the Court could proceed to resolve the equitable claim first even though the results might be dispositive of the issues involved in

the legal claim. To implement congressional intent, we think it essential to hold that the bankruptcy court may summarily adjudicate the § 57g objection; and, as we have held above, the power to adjudicate the objection carries with it the power to order surrender of the preference.

*Affirmed.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS dissent for the reasons stated in the dissenting opinion of Judge Phillips in the Court of Appeals.