227 F.2d 152
 In the Matter of MAJESTIC RADIO AND TELEVISION CORPORATION, Bankrupt.
John E. DWYER, Jr., S. Harvey Klein and Donald J. Walsh, Trustees, Etc., Appellants,
v.
Curtis FRANKLIN, Appellee.
 No. 11381.
 United States Court of Appeals Seventh Circuit.
 November 10, 1955.
 
 COPYRIGHT MATERIAL OMITTED Martin J. McNally, Chicago, Ill., Thomas D. Nash, Jr., Chicago, Ill., of counsel, for appellant.
 Richard Rex Parkin, J. Roy Browning, Chicago, Ill., for Curtis Franklin, appellee.
 Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.
 SWAIM, Circuit Judge.
 
 
 1
 The bankruptcy proceeding involved in this case was commenced February 6, 1948, when the Majestic Radio and Television Corporation filed its petition for an arrangement under Chapter 11 of the Bankruptcy Act, 11 U.S.C.A. §§ 701-799. The Bankruptcy Court ordered that the Chapter 11 proceeding be dismissed and that reorganization be had under Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. §§ 501-676. While the case was pending under Chapter 10, the appellee, Curtis Franklin, filed his proof of a general claim for $1,481.99 owed to him by Majestic Radio & Television Corporation for "goods, wares and merchandise sold to the debtor." The court thereafter concluded that reorganization could not be successfully effected. Majestic was adjudicated a bankrupt, and trustees were appointed.
 
 
 2
 The trustees filed an objection to Franklin's proof of claim for $1,481.99, and asserted an offset and counterclaim for $442,067.25. The trustees' setoff and counterclaim were based on alleged breaches of fiduciary duty by Franklin during the time he had been a director of the bankrupt and of a subsidiary of the bankrupt. Franklin moved to dismiss the trustees' objection, setoff and counterclaim for lack of jurisdiction in the Bankruptcy Court over either the person of claimant or of the subject matter involved in the setoff and counterclaim. The setoff and counterclaim were amended; the motion to dismiss was renewed; and the trustees' objection, setoff and counterclaim were then dismissed. The trustees are here appealing the dismissal of their objection, setoff and counterclaim, as well as the subsequent denial of their motion to vacate the dismissal and to determine the setoff, as distinguished from the counterclaim, up to the amount of the appellee's claim.
 
 
 3
 The Bankruptcy Court took the position that Franklin was an adverse party over whose claim it had no jurisdiction unless Franklin consented to its jurisdiction. It further held that filing by the defendant of a proof of claim in the Bankruptcy Court did not constitute implied consent to be tried in that court on a counterclaim arising out of a different transaction. The trustees, as appellants, disagree with both of these conclusions.
 
 
 4
 The "Amended Objection, Offset and Counterclaim to the Claim of Curtis Franklin" sets forth the cause of action which the trustees wanted the Bankruptcy Court to try in a summary proceeding as part of the pending bankruptcy matter. This pleading alleged that Franklin had been a director of the bankrupt corporation and as such had breached his fiduciary duty by causing, in cooperation with others, one of whom was also a director of the bankrupt, certain contracts to be entered into which were for the benefit of others and were injurious to the best interests of the corporation. It was not alleged, however, that Franklin had personally profited from these transactions; nor was it alleged that he had thereby acquired any of the assets of the bankrupt.
 
 
 5
 Although the District Judge, sitting as Judge of the Bankruptcy Court, held that he did not have jurisdiction to decide the merits of this claim, he ordered that Franklin's claim against the bankrupt corporation be stayed until this alleged cause of action against Franklin was adjudicated in a proper court, and that all dividends that would accrue on the claim, if allowed, be held until the alleged action of the trustees against Franklin is adjudicated.
 
 
 6
 Courts of bankruptcy were created and their basic jurisdiction defined by Section 2, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a.
 
 
 7
 "The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title * * *." (Emphasis added.)
 
 
 8
 Paragraph (7) of Section 2, sub. a empowers the Bankruptcy Court to
 
 
 9
 "Cause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as herein otherwise provided * * *." 11 U.S.C.A. § 11, sub. a(7). (Emphasis added.)
 
 
 10
 The words "except as herein otherwise provided" include the provisions of Section 23 of the Bankruptcy Act, 11 U.S.C. A. § 46. Bardes v. First National Bank of Hawarden, 178 U.S. 524, 20 S.Ct. 1000, 44 L.Ed. 1175. Section 23, sub. a provides:
 
 
 11
 "(a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this title, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants." (Emphasis added.)
 
 
 12
 The sum of money ($442,067.99) which the trustees claim as the amount of damages which the bankrupt suffered as a result of the alleged breaches by Franklin of his fiduciary duty is certainly "property acquired or claimed by the receivers or trustees" within the meaning of Section 23, sub. a, and Franklin is an "adverse claimant" as to that property. We agree with the conclusion of the referee in bankruptcy, approved by the judge, that, "* * * claimant [Franklin] as to the counterclaim herein is an adverse party * * *." But Section 23, sub. b takes jurisdiction away from the Bankruptcy Court unless Franklin, the adverse claimant, consents to the jurisdiction of that court.
 
 
 13
 "(b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 60, 67, and 70 of this Act." Bankruptcy Act § 23, sub. b, 11 U.S.C.A. § 46, sub. b. (Emphasis added.)
 
 
 14
 The excepted sections are not applicable to the facts of this case. Cline v. Kaplan, 323 U.S. 97, 99, 65 S.Ct. 155, 89 L.Ed. 97; Davidson v. Scofield, 10 Cir., 153 F.2d 7; First National Bank of Negaunee v. Fox, 6 Cir., 111 F.2d 810. The only question remaining for the disposition of this case is whether or not Franklin has consented to the jurisdiction of the Bankruptcy Court to determine the claim of the trustees in a summary proceeding or has waived his right to object to such jurisdiction.
 
 
 15
 Several of the cases cited by the trustees are clearly distinguishable because they involve counterclaims brought under the sections specifically excepted from Section 23 by sub. b of that section, above. Inter-State National Bank of Kansas City v. Luther, 10 Cir., 221 F.2d 382; In re Solar Manufacturing Corporation, 3 Cir., 200 F.2d 327; In re Nathan, D.C., 98 F.Supp. 686. Section 60, 11 U.S.C.A. § 96, allows the trustee to recover money paid or property transferred by the bankrupt as a preference to creditors. Section 67, 11 U.S.C.A. § 107, gives the trustee similar rights as to fraudulent liens and transfers. Section 70, 11 U.S.C.A. § 110, vests the trustee with title to the bankrupt's property, and Subdivision e thereof provides that any transfer made by the debtor which was fraudulent as against or voidable by any creditor should be null and void as against the trustee of the debtor. The trustees here do not claim that their counterclaim falls within any of these exempted sections.
 
 
 16
 The trustees insist that by filing his proof of claim in the Bankruptcy Court for summary disposition Franklin has, by implication, consented to that court's summary jurisdiction for summary adjudication of any setoff or counterclaim raised against him. Many cases are cited by the trustees in which courts have held that filing a proof of claim in a Bankruptcy Court constitutes consent to be sued in that court on counterclaims arising out of the same transaction. Columbia Foundry Co. v. Lochner, 4 Cir., 179 F.2d 630, 14 A.L.R.2d 1349; Chase National Bank of City of New York v. Lyford, 2 Cir., 147 F.2d 273; Florance v. Kresge, 4 Cir., 93 F.2d 784. But no case has been cited, nor have we found any, in which it has been held that a Bankruptcy Court has acquired such jurisdiction of a setoff or counterclaim because the counter-defendant had filed a proof of claim arising out of a completely different subject matter. The trustees must concede that the alleged cause of action they seek to have adjudicated in the Bankruptcy Court does not arise from any of the transactions upon which Franklin's claim is based.
 
 
 17
 It is obvious that filing a claim in a Bankruptcy Court is an implied consent to summary adjudication by that court of any counterclaims based upon the subject matter of that claim. A litigant could hardly claim a recovery on the basis of a certain fact situation without permitting the court to decide all of the legal consequences of that situation. No party can invite summary adjudication on only part of the relevant evidence relating to the subject matter of the claim. If all of such evidence shows that each party is liable to the other the court will set off one claim against the other and render judgment for only any balance found to be due. In other words, if you invite a Bankruptcy Court to review a set of facts for your benefit, you invite it to review all pertinent related facts even though they should tend to prove your opponent's case. But it does not follow that by filing a claim a litigant has impliedly consented to the summary adjudication in the Bankruptcy Court of a counterclaim arising out of subject matter which has no relation to his claim. Here Franklin did not consent to the adjudication of the trustees' counterclaim; he objected to it, and the trial court upheld his objection.
 
 
 18
 Jurisdiction of Bankruptcy Courts is created and limited by statute. In re Prima Co., 7 Cir., 98 F.2d 952, 956, certiorari denied Keig v. Harris Trust & Savings Bank, 305 U.S. 658, 59 S.Ct. 357, 358, 83 L.Ed. 426; Wheeling Structural Steel Co. v. Moss, 4 Cir., 62 F.2d 37, 39. And Section 23 of the Bankruptcy Act specifically limits jurisdiction over this adverse claimant unless he consents to that jurisdiction. Franklin clearly did not give his express consent, and we hold that the filing of his proof of claim did not constitute his implied consent to be sued on an alleged cause of action arising out of a different subject matter.
 
 
 19
 The case of Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192, relied upon by appellants, is not in point because the proceeding before the court there was one of receivership in equity to which Section 23 of the Bankruptcy Act did not apply.
 
 
 20
 The trustees cannot successfully argue that Section 68, sub. a, of the Act, 11 U.S.C.A. § 108, sub. a, allows their counterclaim here. That section reads as follows:
 
 
 21
 "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."
 
 
 22
 If mutual debts were involved here, of course, the Bankruptcy Court could off set them, but the question the trustees want adjudicated is whether or not there are mutual debts (i. e., whether Franklin owes anything to the estate) and Section 68 does not give the Bankruptcy Court jurisdiction to determine that question. In re Montgomery Bros., D.C., 51 F.2d 284, 285.
 
 
 23
 The phrase "account * * * stated" which appears in Section 68, sub. a means "an agreement between the parties to an account based upon prior transactions between them." 1 Am.Jur., page 272. This could not refer to an unliquidated claim for damages alleged to have been caused by the actions of Franklin as a director of the bankrupt.
 
 
 24
 The trustees' argument that Rule 13(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing for "permissive" counterclaims gives the Bankruptcy Court jurisdiction of their counterclaim is without merit. The Federal Rules of Civil Procedure apply to cases in bankruptcy only in so far as they are not inconsistent with the Bankruptcy Act. General Order in Bankruptcy No. 37, 11 U.S.C.A. following § 53. And, of course, the Federal Rules cannot enlarge the jurisdiction of any court. United States v. Sherwood, 312 U.S. 584, 589-590, 61 S.Ct. 767, 85 L.Ed. 1058.
 
 
 25
 Finding no prejudicial error below, we affirm the judgment of the District Court.