**In the Matter of BEHRING AND BEHRING, a partnership, et al., Bankrupts.**

**NISSHO AMERICAN CORPORATION, Petitioner-Appellee,**

**v.**

**Joe C. HUMPHREYS, Trustee, Respondent-Appellant.**

**No. 30594.**

United States Court of Appeals, Fifth Circuit.

May 27, 1971.

Rehearing Denied July 2, 1971.

John L. King, William J. Rochelle, Jr., Dallas, Tex., for respondent-appellant.

W. Randolph Elliott, Dallas, Tex., for petitioner-appellee.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

SIMPSON, Circuit Judge:

The controlling question in this appeal is the extent of the summary jurisdiction of a Bankruptcy court. There is little dispute in the facts, and the issues presented to us are entirely questions of law. Behring and Behring, a partnership formerly engaged in the cotton brokerage business (Bankrupt), is the bankrupt. Nissho-Iwai American Corporation (Nissho) filed a proof of claim in the amount of $115,232.97, alleging the consideration for the debt to be cotton purchased by the claimant from the Bankrupt but not delivered.[1] The Trustee objected to the allowance of $2,733.92 of the claim, asserting that this amount was usurious interest which Nissho sought to collect under an understanding between Nissho and the Bankrupt under which the parties would engage in a sham "sale" of cotton to Nissho at the time the cotton was to leave the Bankrupt's warehouse and a "repurchase" of the same cotton by the Bankrupt at the time the cotton reached shipside several days later. The Trustee contended that in truth and fact these were loan transactions and that the consideration paid for the loans was usurious interest in excess of 10%, in violation of Article 5071, Texas Revised Civil Statutes.[2] The Trustee also sought by counterclaim to recover twice the amount of alleged usurious interest paid by the Bankrupt under this arrangement, or $76,420.96. Article 5073, Texas Revised Civil Statutes.[3] The transactions which form the basis for the counterclaim cover a period of approximately six months and are evidenced by over one hundred sale contracts and one hundred repurchase contracts.[4]

On August 12, 1968, Nissho filed a plea to the jurisdiction of the court and subject to a ruling on the plea to the jurisdiction, filed an answer to the counterclaim denying that it had participated in any scheme to extract usurious interest. Then on January 8, 1969, Nissho moved to dismiss the Trustee's counterclaim on the grounds that the Bankruptcy court lacked summary jurisdiction of the counterclaim. The Referee in Bankruptcy granted the motion to dismiss on January 9, 1969, but on February 17, 1969, vacated and set aside the January 9, 1969 order. On September 12, 1969, the Referee held that the Bankruptcy court did have jurisdiction over the matters contained in the counterclaim. Nissho timely petitioned the district court for review of the Referee's order of September 12, 1969, and the court below on August 21, 1970 reversed the Referee in Bankruptcy and granted the motion to dismiss the

---

1. The transaction upon which Nissho filed a proof of claim bears a Nissho purchase order date of October 6, 1966, and a Behring and Behring invoice date of October 7, 1966.

2. Articles 5069 to 5073, Texas Revised Civil Statutes, were repealed by Acts of the 1967 Texas Legislature. In our view this has no bearing on the transactions which are at issue in this litigation which occurred while the statute was in full force and effect. We proceed in this opinion on that assumption.

3. See footnote 2, supra.

4. The last transaction which forms the basis for the Trustee's counterclaim took place almost a month before the transaction which is the foundation for Nissho's proof of claim, and more than two months before Behring and Behring filed a Chapter XI petition for bankruptcy. The petition was filed on November 19, 1966, and the adjudication of bankruptcy occurred December 28, 1966. The transactions of which the Trustee complains took place in a period from March 10, 1966, to September 16, 1966.

Trustee's counterclaim as not within the summary jurisdiction of the Bankruptcy court. The Trustee appeals from this ruling.

Basically, the Trustee argues that the dealings between the Bankrupt and Nissho constituted a continuing financing arrangement, and that the subject of the counterclaim involves segments of the same arrangement which formed the basis for Nissho's proof of claim. The Trustee on this basis contends that his is a compulsory counterclaim under F.R. Civ.P., Rule 13(a) which is therefore plainly subject to the summary jurisdiction of the Bankruptcy court. Nissho disputes these contentions, asserting that the transactions which form the basis of the counterclaim are shown to be entirely separate from those on which the proof of claim is based, and that it is not necessary for the Referee to consider the counterclaim in order to decide whether to allow or disallow the claim of Nissho. This view, adopted by the district court, relegates the Trustee to a plenary suit against Nissho for recovery of the alleged usurious interest charges.

The Referee decided that the Trustee's counterclaim was a compulsory counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, as incorporated by Rule 37 of the General Orders in Bankruptcy,[5] citing John R. Alley & Company, Inc. v. Federal National Bank of Shawnee, Oklahoma, 10 Cir. 1942, 124 F.2d 995, as indicating the scope of the compulsory counterclaim coverage.

The district court, relying primarily on Section 2a(2) of the Bankruptcy Act, Title 11, U.S.C., § 11(a) (2),[6] in reversing the Referee, held that the subject matter of the counterclaim was not so inextricably interwoven with the subject matter of the claim of Nissho as to be brought under the summary jurisdiction of the Bankruptcy court. We agree with the well reasoned memorandum opinion of the district court, and affirm.

We recognize that in Katchen v. Landy, 1966, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed. 2d 391, the Court noted the broad scope of the summary jurisdiction of the Bankruptcy court which stems from Section 2a(2) of the Bankruptcy Act. The Court stated:

"It is equally clear that the expressly granted power to 'allow', 'disallow', and 'reconsider' claims, Bankruptcy Act § 2a(2), 11 U.S.C. § 11(a) (2) (1964 ed.), which is of 'basic importance in the administration of a bankruptcy estate', Gardner v. New Jersey, 329 U.S. 565, 573 [67 S.Ct. 467, 471, 91 L.Ed. 504], is to be exercised in summary proceedings and not by the slower and more expensive processes of a plenary suit". 382 U.S. at 329, 86 S.Ct. at 472.

■ Thus where it is necessary to consider a counterclaim in order to "allow", "disallow", or "reconsider" a claim, it follows that the counterclaim is subject to the summary jurisdiction of the Bankruptcy court. Judge Gewin has clearly articulated the reluctance of this Court to

---

5. Rule 37 of the General Orders in Bankruptcy:

"In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding."

6. § 2. *Creation of Courts of Bankruptcy and their jurisdiction.* a. The courts of

the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act, in vacation, in chambers, and during their respective terms, as they are now or may be hereafter held, to—

(2) Allow claims, disallow claims, reconsider allowed or disallowed claims and allow or disallow them against bankrupt estates.

find summary jurisdiction in the Bankruptcy court where not required to meet the mandate of the Supreme Court and the plain language of Section 2a(a):

"As this Court has emphasized before, the admittedly desirable end of expeditious administration of bankrupt estates should not be allowed effectively to eliminate the protection afforded litigants by the traditional safeguards of a plenary suit, with its right to trial by jury and cross-examination of witnesses. See, e. g., Fox Jewelry Co. v. Lee, 264 F.2d 720 (5 Cir. 1959); Cf. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)."

Gill v. Phillips, 5 Cir. 1964, 337 F.2d 258, 262–263.

This brief background sufficiently indicates our primary reasons for concluding that none of the alleged transactions which are the subject of the Trustee's counterclaim must be considered as part of the process of allowing or disallowing the claim by Nissho. The claim of Nissho involves a transaction which took place almost a month after the series of transactions which are the subject of the Trustee's counterclaim. While these sale and repurchase transactions appear to present a somewhat regular and recurring pattern, we think it obvious that each transaction was a separate and severable agreement, and not contingent on any other transaction, past or future, between the parties. It is in no sense necessary to determine whether usurious interest was charged on the transactions which transpired between March 10, 1966, and September 10, 1966—the counterclaim transactions—in order to determine whether the disputed portion of Nissho's claim constitutes usurious interest. The completed transactions which took place prior to the bankruptcy are separate and distinct from the pending transaction which remained uncompleted at the time of the bankruptcy. There is therefore no Section 2a(2) statutory authority upon which to predicate jurisdiction in the Bankruptcy court.

Neither do we find that Nissho consented in any manner to summary jurisdiction by the Referee over the subject of the counterclaim. Nissho certainly never expressly consented to summary jurisdiction over the counterclaim by filing its proof of claim. And we cannot infer that Nissho impliedly consented to adjudication by the Bankruptcy court of anything more than was necessary to determine the validity of its claim. Gill v. Phillips, supra.

Furthermore, we agree with the district court that John R. Alley & Company v. Federal National Bank of Shawnee, Oklahoma, supra, represents no impediment to our decision. That case was not a bankruptcy case, and the considerations expressed by us in Gill against the finding of summary jurisdiction were not present. Even more important perhaps is the difference in the facts of the two cases. Reading of *Alley* reveals that the counterclaim there present alleged usurious interest was exacted on loans in the *same transactions* involved in the main suit by the holder to recover on several notes.

The Trustee further earnestly urges that even if the counterclaim is permissive, the Bankruptcy court has jurisdiction to include the counterclaim. Alexander v. Hillman (1935), 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192. That case dealt with the jurisdiction of an equity court to adjudicate counterclaims alleging fraud by individuals who sought to participate in the distribution of assets of a corporation in the hands of a receiver. We can find no basis for applying its teachings to the present question of the jurisdiction of a bankruptcy court to adjudicate counterclaims. We think that a quote from In re Majestic Radio & Television, 7 Cir. 1955, 227 F.2d 152, 156–157, cited by the appellees, states the correct rule:

"The trustees' argument that Rule 13(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing for 'permissive' counterclaims gives the Bankruptcy Court jurisdiction of their

counterclaim is without merit. The Federal Rules of Civil Procedure apply to cases in bankruptcy only in so far as they are not inconsistent with the Bankruptcy Act. General Order in Bankruptcy No. 37, 11 U.S.C.A. following § 53. And, of course, the Federal Rules cannot enlarge the jurisdiction of any court. United States v. Sherwood, 312 U.S. 584, 589–590, 61 S.Ct. 767, 85 L.Ed. 1058." 227 F.2d at 157.

We conclude that the district court was correct in its determination that the Bankruptcy court had no statutory or consensual authority to entertain summary jurisdiction over the counterclaim asserted by the Trustee in Bankruptcy. The judgment of the lower court is

Affirmed.