PER CURIAM:
These two actions, consolidated for appeal, involve the assertion of claims arising under the Truth-In-Lending Act, 15 U.S. C.A. § 1601 et seq., within the context of proceedings under Chapter XIII (Wage Earner Provisions) of the Bankruptcy Act, 11 U.S.C.A. § 1001 et seq. Joe M. Flournoy, the Chapter XIII trustee, appeals from orders of the United States District Court for the Middle District of Georgia directing the dismissal of the actions. We affirm.
Vivian Judith Bryant and Charles Roland Bryant filed a Chapter XIII Wage Earner Plan on March 16, 1978, which the bankruptcy judge confirmed on April 18, 1978. Patricia Ann Sutay’s plan was filed on May 16, 1978 and confirmed on June 20, 1978. In each of these proceedings, the appellee Ford Motor Credit Company (hereinafter referred to as “Ford Credit”) filed a proof of claim based on its status as the assignee of a retail installment contract executed by the debtor for the purchase of an automobile. Following the confirmation of the plans, the Chapter XIII trustee instituted the instant actions against Ford Credit alleging non-compliance with certain disclosure provisions of the Truth-In-Lending Act and the regulations promulgated thereunder. The bankruptcy court ruled in favor of the trustee in both cases. Ford Credit’s appeals to the district court resulted in the reversal of the bankruptcy court’s rulings on three grounds: the absence of summary jurisdiction in the bankruptcy court to decide the truth-in-lending claims, the lack of standing in the Chapter XIII trustee to prosecute such claims, and Ford Credit’s non-liability for the alleged truth-in-lending violations. Since we agree with the district court’s resolution of the jurisdictional issue, we pretermit consideration of the standing question and the merits of the trustee’s claims.
The bankruptcy court’s jurisdiction over the truth-in-lending matters, if it is to exist at all, must be founded in § 2(a)(7) of the Bankruptcy Act, 11 U.S.C.A. § 11(a)(7). This provision, the broadest jurisdictional grant contained in the Act, allows a bankruptcy court to exercise summary jurisdiction to “[clause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto,” and further states that “where in a controversy arising in a proceeding under this title an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy . he shall be deemed to have consented to such jurisdiction . . . In the instant case, Ford Credit did interpose a timely objection to the bankruptcy court’s jurisdiction. Hence, it maintains, and we agree, that its express objection vitiated the summary jurisdiction otherwise afforded by § 2(a)(7).
This conclusion is based on the language of the statute and is also logically derived from this court’s prior opinion in Matter of Garner, 556 F.2d 772 (5th Cir.1977). In Garner we held that the bankruptcy court did have jurisdiction to adjudicate a truth-in-lending counterclaim which was asserted within the context of a Chapter XIII proceeding. However, there the creditor never objected to the exercise of summary juris *494 diction. Indeed, this court raised the issue sua sponte in rendering its decision on appeal, stating that “[although [the creditor’s] failure to object at any point to the bankruptcy judge’s exercise of jurisdiction does not absolve us of the obligation to inquire into the basis of the jurisdiction, the silence does settle the jurisdictional question here.” 556 F.2d at 775. We specifically recognized that “section 2(a)(7) provides that a person otherwise entitled to a plenary proceeding (that is, a regular civil proceeding) in the district court may, by failing to object, submit to the summary made [sic] of procedure used by the bankruptcy judge.” 556 F.2d at 777. Thus, conversely, since Ford Credit did not submit to the summary jurisdiction of the bankruptcy court, it was entitled to have the truth-in-lending claims decided in a plenary proceeding in the district court.
In its rulings in favor of the trustee, the bankruptcy court held that Ford Credit did consent to its exercise of jurisdiction by filing the proofs of claims. However, this court has repeatedly held that the filing of a proof of claim does not in itself constitute a waiver of an objection to summary jurisdiction. See In re Airmotive Suppliers, Inc., 519 F.2d 1102 (5th Cir.1975); In re Behring and Behring, 445 F.2d 1096 (5th Cir.1971); Gill v. Phillips, 337 F.2d 258 (5th Cir.1964). In citing Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), as authority for its holding on this issue, the bankruptcy court interpreted the Supreme Court’s opinion in that case much too broadly. The issue presented in Katchen was whether the bankruptcy court had summary jurisdiction to order the surrender of voidable preferences asserted by the trustee in response to a proof of claim filed by the creditor who received the preferences. Section 57(g) of the Bankruptcy Act, 11 U.S. C.A. § 93(g), forbids the allowance of a claim of a creditor who has received a voidable preference unless and until the preference is surrendered. Therefore, the claim can neither be allowed nor disallowed until the preference matter has been adjudicated. Such being the case, the Supreme Court reasoned that the affirmative relief of surrender of the preference could also be ordered in a summary proceeding since, the amount of the preference necessarily having been determined, nothing remained to be adjudicated in a plenary suit. The Court “intimate[d] no opinion concerning whether the referee has summary jurisdiction to adjudicate a demand by the trustee for affirmative relief, all of the substantial factual and legal bases for which have not been disposed of in passing on objections to the claim.” 382 U.S. at 332-33 n.9, 86 S.Ct. at 474 n.9, 15 L.Ed.2d at 398-99 n.9.
In the case at hand, the adjudication of the truth-in-lending causes of action is not necessary for a determination as to the actual allowance or disallowance of Ford Credit’s claims; at most, a ruling adverse to Ford Credit would subject it to a statutory penalty which would, in effect, reduce the amount actually recovered on its claims. In such a situation, the holding in Katchen is inapposite.[1]
For the foregoing reasons, the orders of the district court directing dismissal are
AFFIRMED.

. Cf. In re Behring and Behring, 445 F.2d 1096 (5th Cir.1971), where this court held that a creditor who filed a proof of claim did not consent thereby to the bankruptcy court’s summary jurisdiction over the trustee’s counterclaim for usury penalties.